UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America *ex rel.* | ) |   |
|---|---|---|
| **JESUS LUCIO, JR.,** | ) |   |
|   | ) |   |
| Petitioner, | ) |   |
|   | ) | Case No. 04 C 4518 |
| v. | ) |   |
|   | ) | Honorable John W. Darrah |
| **ROGER E. WALKER, Director,** | ) |   |
| **Illinois Department of Corrections,** | ) |   |
|   | ) |   |
| Respondent. | ) |   |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesus Lucio, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against Respondent, Roger E. Walker, challenging his conviction in Illinois state court. Petitioner argues that he was denied the effective assistance of counsel at trial because his counsel failed to call two witnesses to testify that would have supported Petitioner's alibi. Respondent filed a response and seeks to dismiss the petition on procedural grounds. Specifically, Respondent contends that Petitioner did not properly raise his claim in the state court post-conviction proceedings.

## LEGAL STANDARD

Under 28 U.S.C. § 2254(b)(1)(A), an applicant for habeas corpus review must exhaust his remedies by fully and fairly presenting his claims to the state court. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (*Howard*). This requires a petitioner to: (1) "pursue all avenues of relief provided by the state before turning to federal court; and (2) "have given the state courts a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard*, 185 F.3d at 725.

## BACKGROUND

After Petitioner was convicted and exhausted his direct appeals, he sought post-conviction review in the Illinois state courts. At the circuit court level, Petitioner's statement the issue contended he was denied the effective assistance of appellate counsel. Specifically, Petitioner claimed that his appellate counsel was ineffective because the appellate counsel failed to raise the issue of the ineffective assistance of Petitioner's trial counsel.

Within his discussion of this issue, Petitioner claimed that his trial counsel was ineffective because he failed to call two alibi witnesses to testify. Thus, Petitioner's argument in support of this contention made repeated references to his trial counsel's ineffective assistance of counsel. Included in this argument was a reference to the trial counsel's failure to investigate. An affidavit from one alibi witness, which states the alibi witness was never contacted by trial counsel, was attached to the circuit court petition. This petition was denied.

Petitioner then appealed to the Illinois Appellate Court and argued that he was denied the effective assistance of trial counsel. This appeal was denied. Thereafter, Petitioner sought rehearing before the Illinois appellate court, which was also denied. Finally, Petitioner sought leave to appeal before the Illinois Supreme Court, which was denied.

## ANALYSIS

Respondent contends that: (1) Petitioner did not properly raise his claim of ineffective assistance of trial counsel in the state court post-conviction proceedings before the circuit court, and (2) Petitioner failed to raise the issue of a failure of his trial counsel to contact an alibi witness before trial in post-conviction review proceedings before the circuit court.

As to his first contention, Respondent argues that Petitioner, during post-conviction review at the circuit court, raised a claim of ineffective assistance of appellate counsel. Then, at the appellate level of post-conviction review, Petitioner changed his argument to a claim of ineffective assistance of trial counsel. Respondent therefore argues that Petitioner did not allow the circuit court a meaningful opportunity to rule on his claims.

In support of this proposition, Respondent cites *Howard*. However, *Howard* is distinguishable. There, the petitioner switched arguments before the post-conviction review circuit and appellate courts and was attempting to raise in federal court the arguments he made before the circuit court. *Howard*, 185 F.3d at 725. The Seventh Circuit found "claims presented in state and federal courts need not be exact replicas of each other to satisfy the fair presentment requirement," but that the petitioner did not give the appellate court a "fair opportunity to pass on the substance of his current claim." *Howard*, 185 F.3d at 726.

Here, although Petitioner's main claim before the circuit court revolved around his appellate counsel's ineffective assistance of counsel, Petitioner repeatedly referenced the ineffective assistance of his trial counsel claim that he currently raises. The circuit court discussed the claim of ineffective assistance of trial counsel. Therefore, the circuit court had a fair opportunity to pass on the substance of Petitioner's current claim.

Regarding Respondent's second contention, Petitioner contended in his petition to the circuit court that his trial counsel failed to investigate by contacting an alibi witness and attached an affidavit from an alibi witness stating that trial counsel failed to contact the alibi witness. Furthermore, Petitioner's "claim" that trial counsel failed to contact an alibi witness is not necessarily a claim but, rather, evidence of trial counsel's ineffectiveness. "[A] defense

3

attorney's decision whether to call a non-co-defendant defense witness cannot be made without first interviewing the witness – at least barring some external factor known to the lawyer . . . ." *Hampton v. Leibach*, 290 F. Supp. 2d 905, 922 (N.D. Ill. 2001). Accordingly, there was no procedural default in this regard.

## **CONCLUSION**

For the foregoing reasons, Petitioner's habeas corpus claims are not procedurally defaulted, and Respondent's Motion to Dismiss is denied.

Dated: January 19, 2005

JOHN W. DARRAH
United States District Judge

4