

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* JESUS LUCIO, JR., <br><br> Petitioner, <br><br> v. <br><br> ROGER E. WALKER, Director, Illinois Department of Corrections, <br><br> Respondent. | Case No. 04 C 4518 <br><br> Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesus Lucio, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against Respondent, Roger E. Walker, challenging his conviction in Illinois state court. Petitioner argues that he was denied the effective assistance of counsel at trial because his counsel failed to call two witnesses to testify that would have supported Petitioner's alibi.

## BACKGROUND

Petitioner was arrested for murder. Petitioner, a member of a gang, confessed to the crime and gave a court-reported statement, although Petitioner originally claimed that he was with his brother-in-law, Hector Tablas, at the time of the murder. One witness, who had no prior relationship with Petitioner, testified that he identified Petitioner as the murderer from a line-up the night of the shooting. Another witness, a member of a rival gang, testified that he watched Petitioner run from the scene of the shooting after the gun-shots were fired. A third witness was a security guard for the school attended by Petitioner and the victim. This witness, who had no

gang or family connections with Petitioner, had walked the victim home from school as part of a gang protection program for students. During these walks, the witness heard Petitioner make numerous threats towards the victim.

Petitioner's counsel did not call Juan Cedillo – identified to police as Petitioner's uncle – or Tablas as alibi witnesses, even though Petitioner's counsel's opening argument mentioned that Petitioner told police he was with Tablas at the time of the murder. During its closing argument, the prosecution commented on the failure to call these alibi witnesses.

According to the affidavits of Tablas and Cedillo, Petitioner was with Tablas and Cedillo at the time of the shooting. The affidavits also stated that Petitioner's counsel never contacted or interviewed Tablas and Cedillo. However, at a pre-trial suppression hearing, Petitioner's counsel called Tablas as a witness, and Tablas was listed as a possible alibi witness at trial.

Petitioner was convicted of murder, and his direct appeal was denied. Petitioner then filed a post-conviction motion, which was denied by an Illinois trial court. The trial court stated that:

> I have reviewed my notes of the trial, and I believe that the evidence was overwhelming at trial. There was a court-reported statement. There was an eyewitness, another witness who had [Petitioner] in the area. Also [sic] a security guard then went into that [Petitioner] was talking to the victim.
>
> I believe in order to proceed further on the post-conviction, new evidence being presented must be of such a conclusive character that would probably change the results on a new trial. I don't believe that testimony, based on my review of the notes, would be of such character that it would result – a retrial would be any different.
>
> I believe looking at *People v. Palmer*, 162 Ill. 2d 465 that the Defense has not achieved the prong of *Strickland v. Washington*. There is no such prejudice to raise ineffective claims at this point.

2

The post-conviction appeal was also denied by an Illinois appellate court. The appellate court stated that Petitioner's ineffective assistance of counsel claim was governed by *Strickland v. Washington*, 466 U.S. 668 (1984), "where [Petitioner] must show that counsel's representation fell below an objective standard and prejudiced [Petitioner]." The appellate court then stated:

> As to the first prong of *Strickland*, trial counsel not only knew about Tablas, he called Tablas as a witness at the suppression hearing and listed Tablas as a possible alibi witness. Trial counsel clearly made contact and spoke with Tablas. Further, counsel filed an amended answer to discovery asserting a possible alibi defense.
>
> As to the second prong of *Strickland*, [Petitioner] asserts nothing more than an allegation, without specifics, that he would have been acquitted had these witnesses been called to testify. This does not suffice.
>
> Surely, appellate counsel here is aware of the presumption of trial strategy in trial counsel's decisions (again, see generally: *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. S. Ct. 2052 (1984) and *People v. Vernon*, 276 Ill. App. 3d 386, 392 (1995)) which was not rebutted here. And, appellate counsel here posits that trial counsel told the jury that they would hear from Tablas; this is not true. Trial counsel mentioned Tablas to the jury when addressing [Petitioner's] conversation with police: "he had told police that he was with his brother-in-law to be [Mr. Tablas]".

The Illinois Supreme Court refused to hear Petitioner's appeal.

## ANALYSIS

Under 28 U.S.C. § 2254(d), a writ of habeas corpus of a person in custody pursuant to a state court judgment will only be granted if the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

"To prevail on his ineffective assistance of counsel claim, [Petitioner] must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness and (2) caused his prejudice." *Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003) (*Murrell*) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). As long as the state court properly identified and applied this legal standard, as both the trial and appellate courts did here, Petitioner's ineffective assistance of counsel claim may only be granted if the state court unreasonably applies this standard to the facts of the case. *Murrell*, 332 F.3d at 1111. This bar is a high standard, as the state court must make a clear error. *Murrell*, 332 F.3d at 1111. If the state court "took the constitutional standard seriously and produced an answer within the range of defensible positions," then Petitioner's claim must be denied. *Murrell*, 332 F.3d at 1111 (citation omitted). All factual determinations, including credibility decisions, are presumed correct unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murrell*, 332 F.3d at 1112. A trial court's and appellate court's factual determinations are entitled to deference. *See* 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Murrell*, 332 F.3d at 1112.

Both the Illinois appellate court and trial court held that Petitioner was not prejudiced by his trial counsel's performance. Petitioner argues that this factual determination was clearly erroneous because: (1) the alibi was his only defense, (2) the prejudice was amplified when trial counsel mentioned that Petitioner was with Tablas at the time of the murder, and (3) the prejudice was further amplified when the State's closing argument pointed out no alibi defense was presented.

To establish prejudice, there must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Murrell*, 332 F.3d at 1111 (citing *Strickland v. Washington*, 466 U.S. at 694). As discussed above, the evidence against Petitioner consisted of: (1) Petitioner's confession, (2) a disinterested witness who identified Petitioner as the murderer from a line-up the night of the shooting; (3) a witness who observed Petitioner running from the scene after gun-shots were fired; and (4) a witness who heard Petitioner threatening the victim. The Illinois courts' factual finding in this regard was not clearly erroneous; and the statements of two interested witnesses, both relatives of Petitioner which are favorable to Petitioner, do not establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Sullivan*, 819 F.2d at 1392.

The post-conviction review by the Illinois courts fully considered the issue of assistance of counsel, applied the appropriate standard, and reached a conclusion within the range of defensible positions. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied.

Date: August 22, 2005

John W. Darrah, Judge
United States District Court

5